IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) 19-369 |
| | ) |
| v. | ) |
| | ) |
| LAFON ELLIS | |

**OPINION AND ORDER**

In this matter, Defendant is charged with a single Count of violating 18 U.S.C. § 922(g)(1). Throughout these proceedings, there have been significant disputes regarding the production and review of materials relating to TrueAllele DNA evidence from Cybergenetics. Ultimately, the Court entered a Protective Order governing Cybergenetics' production ("Protective Order"), the terms of which were agreed to by the parties.[1] (ECF No. 161). Subsequently, Defendant filed an Emergency Motion for Hearing ("Motion"). (ECF No. 163). The Motion was styled as an emergency because Defendant's expert had traveled to and was at that time present in Pittsburgh to inspect produced materials. Defendant contended that materials were omitted from Cybergenetics' production. Defendant, therefore, alleged violations of the Protective Order. While the Motion alleged several failures to produce, the kernel of the allegations were that Cybergenetics failed to produce materials such that they could be "reasonably reviewed, searched and tested."

Upon subsequent conference with the Court, the parties agreed to the appointment of a special master to ensure the timely and effective resolution of Defendant's Motion. By Order dated October 21, 2021, after affording the parties the opportunity to propose candidates and

---

[1]The Protective Order was modified from Defendant's proposed order, which was drafted by the Court in New Jersey v. Pickett, No.17-07-470 (NJ Super. Ct.), to reflect the Government's objections thereto. (See ECF Nos. 155-161).

1

state their positions regarding proposed candidates, I appointed Special Master Sandra Jeskie to submit a report and recommendation regarding the issues raised by Defendant's Motion. (ECF No. 182). After reviewing relevant portions of the docket and the parties' submissions, and holding a hearing, the Special Master issued a Report and Recommendation ("R&R"). (ECF No. 196). Therein, the Special Master recommended that Defendant's Motion be granted in part and denied in part. Accordingly, the Special Master recommended that Cybergenetics should produce: a) all source code files, including source code with connections to databases with the exception that security keys, encryption keys, passcodes, passwords or other login credentials may be redacted; and b) source code files with directory structures that exist as the source code is kept at Cybergenetics in the normal course of business. She further recommended that Defendant's requests that Cybergenetics produce further materials under the terms of the Protective Order should be denied.

      Defendant has filed Objections to the R&R, styled as a Response. (ECF No. 201). The Government has likewise filed objections, also styled as a Response. (ECF No. 200). The parties' objections are consistent with the positions that they have taken throughout these proceedings, as reflected in multiple submissions to the Court, and need not be recounted in detail here. Extremely simplified, Defendant's objections center on the Special Master's determinations regarding the parameters of reasonable review and testing, and on certain evidence that the Special Master allegedly ignored or mischaracterized.

      The parties have had ample opportunity, prior to and during the Special Master proceedings, and following the R&R, to argue their respective positions. I have reviewed all documents and portions of the docket relevant to the issues presented, including each objection, and reviewed the R&R according to applicable rules and standards. After careful consideration

and for the reasons set forth in the R&R, I am persuaded by the R&R.  The Special Master applied her knowledge and expertise to conduct a thorough review of the evidence, argument, pertinent documents, and the parties' positions, actively participated in the proceedings, and crafted a well-reasoned and well-supported R&R.  Her analysis and conclusions provide the parties with a clear path forward and represent an appropriate, reasonable, and satisfactory resolution of the matters placed before her.

Considering the entire R&R and the evidence before the Special Master, it is apparent that the Special Master did not, as alleged, ignore pertinent evidence.  The R&R specifies that the Special Master reviewed and considered all information and arguments presented by the parties, including that to which Defendant now points.  The Special Master's duties were limited to resolving the question presented by Defendant's Motion – i.e., whether the Protective Order was violated.  She was neither tasked with, nor empowered to consider, any suggested modifications to the Protective Order. The specific evidence and argument to which Defendant points in his objections do not alter my conclusions. For example, any alleged typographical error was evidently immaterial to the Special Master's ultimate conclusions and recommendation. Moreover, the mere existence of evidence supporting Defendant's position does not render the Special Master's findings and conclusions incorrect or inappropriate.

THEREFORE, this 31st day of January, 2022, it is hereby ordered as follows:

1. The Special Master's Report and Recommendation is hereby adopted in its entirety as the opinion of this Court, as clarified in Paragraph 2 of this Order, below;

2. The Government's objections to the Special Master's Report and Recommendation are sustained in part and overruled in part. The objections are sustained to the extent that it is clarified that the phrase "security keys, encryption keys, passcodes, [and]

passwords," as used at page 17 of the R&R regarding redactions, includes the IP addresses of Cybergenetics and its customers; the remainder of the Government's objections are overruled.

      3.      The Defendant's objections to the Special Master's Report and Recommendation are overruled.

      4.      The parties are to proceed forthwith in a manner consistent with the Special Master's Report and Recommendation, as adopted and clarified by this Court.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge